IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VINCENT L. AMMONS,

        Plaintiff,

        v.

DR. JOAN M. HANNULA,
JEAN E. VOEKS,
and DR. KENNETH ADLER,

        Defendants.

ORDER

08-cv-608-bbc

---

On November 5, 2008, this court issued an order granting plaintiff Vincent Ammons leave to proceed *in forma pauperis* on his Eighth Amendment claims against defendants Dr. Joan M. Hannula, Jean E. Voeks and Dr. Kenneth Adler regarding a wrist injury suffered by plaintiff and subsequent treatment.  Because plaintiff alleged that he is in imminent danger of serious physical harm, the court construed his complaint as including a request for preliminary injunctive relief.  The court gave plaintiff until November 26, 2008, in which to file a brief, proposed findings of fact and evidentiary materials in support of his motion for a preliminary injunction, and gave defendants until the date their answer was due to file a response.  Now plaintiff has filed a brief, proposed findings of fact and evidentiary materials in support of his motion.  In response, defendants have filed a motion to compel plaintiff to execute the "Authorization and Informed Consent for Use and Disclosure of Medical Information" form provided to him by defendants.  Defendants argue that without plaintiff's release of his medical records, they cannot properly answer[1] plaintiff's complaint or respond to plaintiff's preliminary

---

[1] Defendants have filed a perfunctory answer denying the allegations raised in the complaint; they state they will provide an amended answer with more substantive responses to plaintiff's complaint once plaintiff signs a release of his medical records.

injunction submissions because defendants' counsel cannot appropriately evaluate plaintiff's allegations or discuss in detail with defendants their past medical care of plaintiff. Defendants also seek attorneys' fees and costs against plaintiff for the expenses incurred in bringing their motion.

In addressing this motion to compel, I note first that plaintiff's records are presumptively confidential. Where, however, a litigant puts his medical treatment into issue, his medical records are discoverable within the limits of Fed. R.. Civ. P. 26(b)(1). Plaintiff still may assert the confidentiality of his medical records and this court would never force involuntary disclosure. The court, however, would not allow this decision to prejudice the defendants and it would take whatever corrective action was necessary to level the playing field, including dismissing claims if justice so required. Thus plaintiff has a choice; he can either (1) choose to execute a release of medical records and return it to defendants; or (2) choose to voluntarily dismiss this lawsuit with prejudice, and this entire litigation will end, including the preliminary injunction proceedings.

Of course, under Rule 26(b)(1), I am limited to ordering discovery "of any matter *relevant* to the subject matter involved in the action" (emphasis added). The medical release form submitted by defendants is extremely wide-ranging in the scope of medical information plaintiff would be releasing by executing the document. It authorizes the disclosure of "[a]ll patient health care records," specifically including "[c]ounseling and/or psychiatric records, alcohol and/or drug treatment records, and HIV and/or AIDS test results." It is unclear how these types of records would be relevant to plaintiff's treatment for an injured wrist, so I must limit defendants' discovery of medical records to the records regarding plaintiff's wrist injury and

related material. Therefore I will partially grant and partially deny defendants' motion to compel. In order for defendants to obtain release of plaintiff's relevant medical records, they will have to provide him with a modified release form limiting the release of medical records to those regarding plaintiff's wrist injury and related material.

In light of this analysis, the litigation will proceed as follows: defendants will have until December 11, 2008, to provide plaintiff with a modified release form and notify the court they have done so. Upon receipt of a properly modified release form, plaintiff will have one week to inform the court in writing either that he has executed the release and returned it to defendants or that he requests to voluntarily dismiss this lawsuit. If plaintiff does not respond by this deadline, he faces possible dismissal of the case and entry of judgment for defendants. Should plaintiff notify the court that he has executed his release of medical records, I will set defendants' deadline to file an amended answer and respond to plaintiff's motion for a preliminary injunction to three weeks following plaintiff's submission of the signed release. The hearing date for the preliminary injunction motion will be scheduled after confirmation that plaintiff has agreed to release his records.

The other loose ends in this case will be tied up as follows: because I have ruled on defendants' motion to compel, I am cancelling the briefing schedule set for that motion, and plaintiff should not respond to that motion. Because I am only partially granting defendants' motion to compel, their request that the court award attorneys' fees and costs against plaintiff for the expenses incurred in bringing their motion will be denied. Finally, I am cancelling the December 30, 2008 preliminary pretrial conference and will reschedule the date for that conference for a later time.

ORDER

It is ORDERED that:

(1) Defendants' motion to compel plaintiff to execute the "Authorization and Informed Consent for Use and Disclosure of Medical Information" form provided to him by defendants is PARTIALLY GRANTED and PARTIALLY DENIED. In order for defendants to obtain release of plaintiff's relevant medical records, they will have to provide him with a modified release form limiting the release of medical records to those regarding plaintiff's wrist injury and related material. Defendants will have until December 11, 2008 to provide plaintiff with a modified release form and notify the court they have done so.

(2) Upon receipt of a properly modified release form, plaintiff will have one week to inform the court in writing either that he has executed the release and returned it to defendants or that he requests to voluntarily dismiss this lawsuit. If plaintiff does not respond by this deadline, he faces possible dismissal of the case and entry of judgment for defendants.

(3) Should plaintiff notify the court that he has executed his release of medical records, I will set defendants' deadline to file an amended answer and respond to plaintiff's motion for a preliminary injunction to three weeks following plaintiff's submission of the signed release. The hearing date for the preliminary injunction motion will be scheduled after confirmation that plaintiff has agreed to release his records.

(4) The briefing schedule set for defendants' motion to compel is cancelled. Plaintiff should not respond to that motion. Defendants' request that the court award attorneys' fees and costs against plaintiff for the expenses incurred in bringing their motion to compel is DENIED.

(5) The December 30, 2008 preliminary pretrial conference is cancelled. The date for that conference will be rescheduled for a later time.

Entered this 4th day of December, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge