IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VINCENT L. AMMONS,

                    Plaintiff,

       v.

DR. JOAN M. HANNULA,
JEAN E. VOEKS,
and DR. KENNETH ADLER,

                  Defendants.

ORDER

08-cv-608-bbc

---

On December 4, 2008, this court issued an order partially granting and partially denying defendants' motion to compel plaintiff to execute the "Authorization and Informed Consent for Use and Disclosure of Medical Information" form provided to him by defendants. I determined that the scope of medical information plaintiff would be releasing under that form was overly broad, and gave defendants until December 11, 2008 to provide plaintiff with a modified release form limiting defendants' discovery of medical records to the records regarding plaintiff's wrist injury and related material. Now plaintiff has mooted that issue by signing the original release form and sending it to defendants. Defendants received that form on December 8, 2008, so under the terms of my December 4, 2008 order, they now have until December 29, 2008, to file an amended answer and response to plaintiff's motion for a preliminary injunction. A hearing date on the preliminary injunction motion will be set following receipt of defendants' response, if the parties' preliminary injunction submissions raise issues necessitating a hearing.

In addition to sending this court a copy of the signed authorization form, plaintiff has filed a letter I construe as a motion asking this court for "expedited discovery," more specifically requesting that defendants be compelled to provide plaintiff with a certified copy of the medical records defendants attain by using the medical record release form so that he will be able to

authenticate the evidence he presented with his affidavit in support of his motion for a preliminary injunction.  I will deny this motion because there is no reason defendants should be forced to present records to plaintiff that he is fully capable of obtaining himself.  To the extent plaintiff requests authenticated copies of the records he has already included in his materials in support of his motion for a preliminary injunction, he can request that the records custodian authenticate copies of those records and resubmit them to the court before briefing is completed on his motion. Moreover, the authenticity of these records does not appear to be at issue at this point in the proceedings.  In his affidavit in support of his motion for a preliminary injunction,  plaintiff states each of these records was provided to him by the Health Services Unit records custodian from his medical record file.   Defendants will be given the chance in their response to challenge the authenticity of these records after comparing them to the copy of the records they receive by utilizing plaintiff's authorization for disclosure of his medical records.  Should they have reason to challenge the authenticity of any of these records, that is an issue that would be taken up at the preliminary injunction hearing.  Otherwise I will deem defendants' silence as a stipulation the documents are authentic for the purpose of the preliminary injunction motion.

ORDER

It is ORDERED that:

(1) Plaintiff's motion for discovery (Dkt. #21) is DENIED.

(2) Defendants have until December 29, 2008, to file an amended answer and response to plaintiff's motion for a preliminary injunction.  A hearing date on the preliminary injunction motion will be set following receipt of defendants'

response if the parties' preliminary injunction submissions raise issues necessitating a hearing.

Entered this 12th day of December, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge