IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VINCENT L. AMMONS,

                OPINION AND ORDER

      Plaintiff,

                 08-cv-608-bbc

  v.

DR. JOAN M. HANNULA,
JEAN E. VOEKS
and DR. KENNETH ADLER,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Plaintiff Vincent Ammons, a prisoner at the Stanley Correctional Institution in Stanley, Wisconsin, has filed a civil complaint under 42 U.S.C. § 1983 against defendants Dr. Joan M. Hannula, Jean E. Voeks and Dr. Kenneth Adler for denying him adequate medical care under the Eighth Amendment. Because plaintiff alleged he was in imminent danger of serious physical harm, I granted him leave to proceed in forma pauperis on his claims, despite his having accrued three strikes under 28 U.S.C. § 1915(g) as well as having been issued an order under Support Systems International, Inc. v. Mack, 45 F.3d 185 (7th Cir. 1995). I also construed plaintiff's complaint as including a motion for preliminary injunctive relief. In a January 6, 2009 order, I denied plaintiff's motion for preliminary

1

injunctive relief because he failed to show some likelihood of success on the merits of his claims. Now, defendants have filed a motion to dismiss the case, arguing that because the court denied plaintiff's request for preliminary injunctive relief, the Mack order should be enforced, and this court should dismiss the case. Plaintiff has filed a response to defendants' motion to dismiss and a motion for reconsideration of the January 6 order denying his motion for preliminary injunctive relief or alternatively a renewed request for a preliminary injunction. Finally, defendants have filed a motion to stay a ruling on the motion for reconsideration until the motion to dismiss has been decided.

Because I conclude it is appropriate for this court to consider revoking plaintiff's imminent danger status under § 1915(g), I will stay a decision on defendants' motion to dismiss pending further submissions regarding plaintiff's imminent danger status. I will also deny plaintiff's motion to reconsider denial of his motion for preliminary injunctive relief, as well as denying defendants' motion to stay a ruling on plaintiff's motion for reconsideration.

BACKGROUND

On October 10, 2008, plaintiff submitted a proposed civil complaint under 42 U.S.C. § 1983, alleging that defendants were denying him adequate medical care under the Eighth Amendment for treatment of a wrist injury. Specifically, plaintiff alleged that (1) defendant

2

Hannula refused to prescribe him any kind of effective pain medication for his wrist injury; (2) Hannula and defendant Adler denied him treatment from an orthopedist specializing in hand surgery; and (3) defendant Voeks failed to investigate his informal complaints regarding his medical treatment, resulting in increasing loss of cartilage and leaving him in excruciating pain.

In an order entered on November 5, 2008, I noted that plaintiff had to overcome two obstacles before his complaint could be screened on its merits. First, because on at least three prior occasions, plaintiff had filed lawsuits or appeals that were dismissed as legally frivolous or because they failed to state a claim upon which relief may be granted, under 28 U.S.C. § 1915(g), he would have to prepay the filing fee for the lawsuit unless he alleged that he was in imminent danger of serious physical injury. Second, he was subject to a Mack order issued by the United States Court of Appeals for the Seventh Circuit, which sanctioned him for deceptively taking advantage of this court's error in allowing him to proceed with his appeal in a previous case without prepayment of the filing fee. Ammons v. Gerlinger, 547 F.3d 724, 726 (7th Cir. 2008) (citing Newlin v. Helman, 123 F.3d 429, 436-37 (7th Cir. 1997)); Mack, 45 F.3d at 186. Under the terms of the Mack order, district court clerks were directed to return unfiled any papers that plaintiff submitted, other than any collateral attacks under 28 U.S.C. 2254 on his imprisonment, until he paid off the balance of unpaid fees in previous cases.

3

After examining plaintiff's complaint, I concluded that neither obstacle barred him from bringing this case. First I concluded that petitioner's complaint met the imminent danger exception to the three-strikes bar of 28 U.S.C. § 1915(g). Next I considered whether the Mack order served to bar his claims in the present case even though he alleged he was in imminent danger of serious physical harm. I concluded the Mack order did not apply, stating as follows:

> . . . exceptions and clarifications already have been made to Mack restrictions. . . . Congress tailored the three-strike provision of 28 U.S.C. § 1915(g), a provision meant to protect the judiciary from prisoner litigants who have recorded a filing history of legally meritless lawsuits, to include an exception for cases in which the prisoner is alleging imminent danger of serious physical injury. It is conceivable that, if directly presented with the question, the court of appeals would rule that civil cases alleging imminent danger of serious physical injury should be exempted from the general bar under Mack against all civil actions.

Dkt. #5, at 16. I proceeded to screen plaintiff's claims before receiving payment of plaintiff's initial partial payment, granting him leave to proceed in forma pauperis on his claims against defendants Hannula, Voeks and Adler. In addition, I construed his complaint as including a motion for preliminary injunctive relief because he was alleging that he was in imminent danger, and I set a schedule for the parties' submission of briefs and evidence in support of or opposition to that motion.

After receiving the parties' submissions regarding plaintiff's motion for preliminary injunctive relief, I entered an order on January 6, 2009, denying his motion without holding

4

a hearing because he failed to submit evidence from which the court could infer that defendants acted with deliberate indifference, thus failing to prove that his claim had at least some merit. Regarding plaintiff's claim that he was entitled to a certain pain medication, I concluded that he failed to show some likelihood of success "because prisoners are not entitled to receive the particular medical treatment of their choice," and that he "adduced no evidence to show that defendant Hannula acted below the minimal standards of competence" in treating him with Naproxen instead of a narcotic pain reliever. Regarding plaintiff's claim that defendants refused to have him evaluated by an orthopedic hand surgeon, I concluded that although "a defendant's decision to ignore a specialist's orders can imply deliberate indifference, . . . [plaintiff] has presented no evidence to raise such an implication here"; he "submitted no evidence suggesting that defendants' decisions were based on anything other than medical judgment"; and he failed to present "evidence showing how Adler's committee . . . had less expertise in the area of the prisoner's condition than the specialist ordering a certain treatment." Finally, with regard to plaintiff's argument that defendant Adler was deliberately indifferent to his serious medical needs by failing to keep himself apprised of the course of treatment suggested by his medical committee, I concluded that "plaintiff fails to show how the committee's alternate treatment could have been implemented, given that plaintiff failed to show up for appointments in August and September of 2008, and he filed no health service requests regarding this treatment."

5

DISCUSSION

In their brief in support of their motion to dismiss, defendants argue that denial of plaintiff's request for preliminary injunctive relief was tantamount to a finding that there is no "imminent danger" of harm, and without application of the imminent danger exception, the <u>Mack</u> order should apply and the case be dismissed. Although defendants do not develop much of an argument for their position in their relatively short brief, their position makes sense. The "imminent danger" exception under 28 U.S.C. § 1915(g) is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002). Because prisoners who are allowed to proceed under the imminent danger exception allege that they face a pressing physical health emergency, it is this court's policy to construe their complaints as including a motion for preliminary injunctive relief, so that their claims of imminent danger can be determined as quickly as possible. In a preliminary injunction proceeding, a plaintiff has the threshold burden to show some likelihood of success on the merits and that irreparable harm will result if the requested relief is denied. <u>In re Forty-Eight Insulations, Inc.</u>, 115 F.3d 1294, 1300 (7th Cir. 1997). If the plaintiff succeeds in his attempt for a preliminary injunction, the imminent danger question will be temporarily resolved pending trial. However, where the plaintiff fails to show some likelihood of success on the merits, it may call into question

6

whether the plaintiff was actually in "imminent danger of serious physical harm" to begin with.

In the present case, I denied plaintiff's motion for preliminary injunctive relief because he failed to show any likelihood of success on the merits of his claims. The undisputed facts showed that contrary to plaintiff's claims that defendants denied him adequate medical care, defendants provided him with treatment options that they believed to be appropriate using their medical judgment, even if plaintiff did not receive the treatment he requested. From the record before the court, it appears that it was not appropriate to characterize plaintiff as being in "imminent danger of serious physical harm" at the time that he filed his complaint. Rather, it appears that although he may be in some pain, he received adequate medical treatment under the Eighth Amendment.

The question raised by defendants' motion to dismiss is whether plaintiff's "imminent danger" status under 28 U.S.C. § 1915(g) should be revoked. If it is revoked, dismissal would be required under the Mack order because plaintiff was allowed to proceed in this case only because he alleged that he was in imminent danger. Plaintiff argues that the case should not be dismissed so quickly. He has filed a late one-page "Response to Defendants' Motion to Dismiss" as well as a lengthier motion to reconsider this court's January 6, 2009 order denying his motion for preliminary injunctive relief. I will consider his response even though it was filed after the March 9, 2009 deadline.

7

Plaintiff argues that he has already met the imminent danger requirement, and points to Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003), in which the Court of Appeals stated as follows:

> The State says Ciarpaglini's allegations are not serious enough. However, § 1915(g) is not a vehicle for determining the merits of a claim. To follow the State's logic, a district court would not just need to determine whether a prisoner is alleging some type of ongoing or imminent harm. It would also need to fine-tune what is "serious enough" to qualify for the exception. Is being denied heart medication? What about a cholesterol-lowering drug? How frequently do beatings need to occur before they are serious? This would result in a complicated set of rules about what conditions are serious enough, all for a simple statutory provision governing when a prisoner must pay the filing fee for his claim. This is not required, and so we find that the district court erred in concluding that Ciarpaglini's complaint didn't meet the imminent danger exception.

Ciarpaglini can be distinguished from the present case. In Ciarpaglini, the court rejected the defendant's argument that the district court should have given closer scrutiny to the allegations in the plaintiff's complaint when it was making its initial determination on imminent danger before screening the complaint under § 1915A. That is not the situation in the present case. Rather, the court followed Ciarpaglini's instruction to avoid rigid scrutiny of plaintiff's allegations of imminent danger, and I allowed him to proceed under the imminent danger exception of § 1915(g). Ciarpaglini does not address the situation present here, where early in the proceedings in a case, the record shows undisputed facts casting doubt on whether plaintiff was in imminent danger of serious physical harm at

the time he filed his complaint. I believe the court of appeals would approve revocation of a plaintiff's "imminent danger" status under § 1915(g) where the record indicates such doubt. Gibbs v. Roman, 116 F.3d 83, 86-87 (3d Cir. 1997) ("If the defendant, after service, challenges the allegations of imminent danger . . . the district court must then determine whether the plaintiff's allegation of imminent danger is credible . . . in order for the plaintiff to proceed on the merits i.f.p."), overruled on other grounds by Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (en banc).

Although I conclude that it is appropriate to revoke a plaintiff's imminent danger status when the record indicates plaintiff's allegations of imminent danger are not credible, and would do so based on the current record, it would be premature to do so in this case without allowing plaintiff an opportunity to respond. He was not given notice that his allegation of imminent danger would be called into question by evidence brought to light in the preliminary injunction proceedings, with the possibility that his entire case would be dismissed under the Mack order. It is not out of the realm of possibility that, if asked, he could produce evidence to support his allegation of imminent danger. For instance, I note that in plaintiff's lengthy motion for reconsideration of the denial of his motion for preliminary injunctive relief, he argues that he may be able to demonstrate that defendants' decisions were not based on medical judgment, which would raise the concern that his current treatment is inadequate, placing him in imminent danger. He states that he has not

9

yet submitted this evidence because "this is an issue that must await the narrowing and winnowing process of discovery and/or an evidentiary hearing to show proof by Dr. Leonard and Dr. Hicks" (two doctors who previously treated plaintiff). Plaintiff should be aware that now is the time for him to gather any evidence he can to show he was in imminent danger of serious physical harm at the time he filed his complaint, such as specific details about his physical pain, other symptoms, and an explanation of why defendants' course of conduct placed him in imminent danger. This includes any expert testimony he may need to challenge defendants' assertion that their treatment was adequate. I will give him until April 24, 2009, to show cause why this case should not be dismissed under the Mack order because he was not in imminent danger of serious physical harm at the time he filed his complaint. Plaintiff's submissions should be fashioned in the same way as his submissions regarding his motion for preliminary injunctive relief; he should submit proposed findings of fact and supporting evidence with citations to admissible evidence. He should also include copies of the evidence he cites in his proposed findings of fact. Finally, he may submit a brief in support of his position. Defendants will have until May 4, 2009, to file a response. Because these submissions will be supplementing the record already submitted up to this point, there is no need for a reply. My decision on defendants' motion to dismiss will be stayed pending receipt of these submissions.

Finally, I turn to plaintiff's motion for reconsideration of this court's January 6, 2009

10

order denying his motion for preliminary injunctive relief. I will deny the motion for reconsideration because nothing in it convinces me that I erred in denying the motion for preliminary injunction. To the extent plaintiff wishes to renew his request for a preliminary injunction by submitting additional facts, he may not do so unless he shows first that he was in imminent danger of serious physical injury at the time he filed his complaint. In that case he may resubmit his motion and supporting materials. Defendants' motion to stay a ruling on plaintiff's motion for reconsideration will be denied as unnecessary.

ORDER

IT IS ORDERED that:

1. Plaintiff has until April 24, 2009, to show cause why this case should not be dismissed under the <u>Mack</u> order because he was not in imminent danger of serious physical harm at the time he filed his complaint. Defendants have until May 4, 2009, to file a response.

2. A decision on defendants' motion to dismiss (dkt. #36) is STAYED.

3. Plaintiff's motion for reconsideration (dkt. #42) of this court's January 6 order denying his motion for preliminary injunctive relief is DENIED.

11

4. Defendants' motion to stay (dkt. #45) a ruling on plaintiff's motion for reconsideration is DENIED.

Entered this 23rd day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge