IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VINCENT L. AMMONS,

                                                                         ORDER

                 Plaintiff,

                                                                      08-cv-608-bbc

     v.

DR. JOAN M. HANNULA,
JEAN E. VOEKS
and DR. KENNETH ADLER,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Vincent Ammons, a prisoner at the Stanley Correctional Institution in Stanley, Wisconsin, has filed a civil complaint under 42 U.S.C. § 1983 against defendants Dr. Joan M. Hannula, Jean E. Voeks and Dr. Kenneth Adler for denying him adequate medical care under the Eighth Amendment.  On March 23, 2009, I issued an order staying defendants' motion to dismiss this case and giving plaintiff until April 24, 2009, to show cause why this case should not be dismissed under the <u>Mack</u> order previously issued against him.  I instructed plaintiff that unless he makes the necessary showing that he was in imminent danger at the time he filed his complaint, I will dismiss his case.

      Now plaintiff has filed two documents that appear to have been submitted before he

1

received a copy of the March 23, 2009 order. First, plaintiff has filed a motion for an enlargement of time to file his brief in opposition to defendants' motion to dismiss. Plaintiff had until March 9, 2009 to file his brief in opposition, and the court received his brief on March 16, 2009. Plaintiff argues that he presented his brief to prison officials for mailing on March 9, and thus under the mailbox rule his opposition was filed timely. I will deny this motion as moot because, as I stated in the March 23, 2009 order, I considered his brief in opposition despite the fact that it appeared to be late.

Second, plaintiff has filed a motion for leave to file a surreply to defendants' motion to dismiss. I will deny this motion as moot because I already have set an April 24, 2009 deadline for plaintiff to show cause why the case should not be dismissed. In the March 23, 2009 order, I concluded that it will be appropriate to revoke plaintiff's right to proceed under the imminent danger exception to Mack and 28 U.S.C. § 1915(g) if the record indicates his allegations of imminent danger are not credible. Therefore, plaintiff should not waste his resources challenging that decision. Instead, he should focus on responding to the order to show cause.

ORDER

IT IS ORDERED that plaintiff's motions for an enlargement of time to file his brief in opposition to defendants' motion to dismiss (dkt. #48) and for leave to file a surreply to

defendants' motion to dismiss (dkt. #50) are DENIED as moot.

Entered this 9th day of April, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3