IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VINCENT L. AMMONS,

                 OPINION AND ORDER

      Plaintiff,

                 08-cv-608-bbc

  v.

DR. JOAN M. HANNULA,
JEAN E. VOEKS
and DR. KENNETH ADLER,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Plaintiff Vincent Ammons, a prisoner at the Stanley Correctional Institution in Stanley, Wisconsin, has filed a civil complaint under 42 U.S.C. § 1983 against defendants Dr. Joan M. Hannula, Jean E. Voeks and Dr. Kenneth Adler for denying him adequate medical care under the Eighth Amendment. Because plaintiff alleged he was in imminent danger of serious physical harm, I granted him leave to proceed in forma pauperis on his claims, despite his having accrued three strikes under 28 U.S.C. § 1915(g) as well as having been issued an order under Support Systems International, Inc. v. Mack, 45 F.3d 185 (7th Cir. 1995). I also construed plaintiff's complaint as including a motion for preliminary injunctive relief. In a January 6, 2009 order, I denied plaintiff's motion for preliminary

1

injunctive relief because he failed to show some likelihood of success on the merits of his claims.

Defendants filed a motion to dismiss the case, arguing that the court's denial of plaintiff's motion for preliminary injunctive relief was tantamount to a conclusion that he was not in imminent danger, and thus there is no reason to exempt him from the Mack order issued against him. On March 23, 2009, I issued an order staying defendants' motion to dismiss this case and giving plaintiff until April 24, 2009, to show cause why this case should not be dismissed under the Mack order previously issued against him. I instructed plaintiff that unless he makes the necessary showing that he was in imminent danger of serious physical harm at the time he filed his complaint, I will dismiss his case.

Now plaintiff has filed his response, in which he provides no additional evidence supporting his assertion that he was in imminent danger at the time he filed his complaint. He states that is an "impossibility" to submit additional evidence within the time frame given to him by the court "without the aid of discovery and an evidentiary hearing" and asks the court to rely on the evidence already before it in deciding defendants' motion to dismiss. Further, he asks that if the motion to dismiss is granted, it be granted without prejudice. In addition, defendants have filed a motion to stay future deadlines in this case until the court rules on their motion to dismiss.

Plaintiff's complaint that he has not had enough time to gather evidence rings hollow. As I explained to plaintiff in the March 23, 2009 order directing him to show cause why this case should not be dismissed,

> [N]ow is the time for him to gather any evidence he can to show he was in imminent danger of serious physical harm at the time he filed his complaint, such as specific details about his physical pain, other symptoms, and an explanation of why defendants' course of conduct placed him in imminent danger. This includes any expert testimony he may need to challenge defendants' assertion that their treatment was adequate.

In the January 22, 2009 preliminary pretrial conference order, Magistrate Judge Stephen Crocker explained discovery procedures and set an April 10, 2009 deadline for plaintiff to disclose his expert witnesses. Thus plaintiff has long been aware of his need to gather more evidence and the procedures available to him to do so.

Plaintiff's failure to present additional evidence supporting his claim that he was in imminent danger at the time he filed his complaint means that I must rely on the facts adduced in the preliminary injunction proceedings in assessing defendants' motion to dismiss. As I have already made clear from the January 7, 2009 and March 23, 2009 orders in this case, the undisputed facts show that contrary to plaintiff's claims that defendants denied him adequate medical care, defendants provided him with treatment options that they believed to be appropriate using their medical judgment, even if plaintiff did not receive the treatment he requested. Thus the facts indicate that plaintiff's allegations of imminent

3

danger are not credible, and this case should be dismissed under the Mack order because plaintiff's allegations of imminent danger were the sole reason he was allowed to proceed in this case. Therefore I will grant defendants' motion to dismiss. Defendants' motion to stay future deadlines in this case will be denied as moot.

    A final issue remains. The parties dispute whether plaintiff's claim should be dismissed with prejudice or without prejudice. Plaintiff requests that the dismissal be without prejudice "because this case will not have been decided on the merits but on a procedural matter." Defendants argue that "[f]or the very reasons that the Mack order was imposed in the first place, a dismissal without prejudice . . . would be inappropriate." I am inclined to agree with plaintiff and dismiss the case without prejudice. Plaintiff's case is being dismissed because the record shows his allegations of imminent danger are not credible, thus closing the door on the imminent danger exception to the Mack order issued against him. Should the Mack order be lifted and plaintiff choose to pay the $350 filing fee (because he is ineligible for pauper status as a result of having accumulated three strikes), he would be free to refile his claim. Of course, given plaintiff's inability to produce evidence in the preliminary injunction proceedings indicating that his claim has any merit, any future suit by plaintiff would appear doomed to fail unless he obtains more evidence in support of his claim.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss, dkt. #36, is GRANTED. This case is dismissed without prejudice. The clerk of court is directed to enter judgment for defendant and close this case.

2. Defendants' motion to stay future deadlines in this case, dkt. #57, is DENIED as moot.

Entered this 13th day of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5